# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RITA COTTRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cv-00147 |
| | ) REEVES/STEGER |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This Social Security appeal is before the court for consideration of the plaintiff's objections [R. 21] to the Report and Recommendation filed by United States Magistrate Judge Christopher H. Steger [R. 20]. Magistrate Judge Steger found that the Administrative Law Judge (ALJ) properly reviewed and weighed the evidence to determine that plaintiff is capable of performing a range of medium-exertion work with some restrictions. Thus, Magistrate Judge Steger recommended that plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

## Standard of Review

When a party objects to the magistrate judge's R&R, the court must conduct a *de novo* review of portions of the R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); *Smith v. Detroit Fed. Of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987). Although

1

the court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment that were previously addressed by the magistrate judge, the court may deem the objections waived. *VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich. 2004). A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An objection that does nothing more than state a disagreement with a magistrate judge's recommendation, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Id.* at 937. A party has the duty to pinpoint those portions of the magistrate judge's report that the district must specially consider. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

## Analysis

Plaintiff made her application for disability insurance benefits and/or supplemental security income alleging disability based on brain hemorrhage, two strokes, memory loss, panic attacks, anxiety, and migraine headaches. The claim was denied by the ALJ on August 29, 2014. The Appeals Council denied the plaintiff's request for review, and plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the Court has now undertaken a *de novo* review of those portions of the Report and Recommendation to which plaintiff objects. For the reasons that follow, the plaintiff's objections will be overruled.

Plaintiff states the ALJ failed to credit her testimony regarding the effects of her impairments on her ability to work. A claimant's statement that she is experiencing

disabling pain or other subjective symptoms will not, taken alone, establish that she is disabled. 20 C.F.R. §§ 404.1529(a); 416.929(a). The ALJ considered plaintiff's statement of limitations due to the residual effects of two strokes, memory loss, recurrent headaches, chronic back pain, and obesity. The ALJ also considered alleged mental impairments, including a mood disorder. The ALJ found plaintiff's testimony not entirely credible because despite plaintiff's complaints of left arm weakness and numbness, diagnostic imaging studies of her upper extremities were unremarkable. MRA/MRI scans of plaintiff's brain were within normal limits in December 2011 and February 2013. A December 2011 EEG was also normal. The ALJ also considered that plaintiff's consultative physical examination with Dr. Huffman was "essentially benign, with slightly reduced range of motion in her lumbar spine, normal gait and station, negative straight leg raise tests, full strength, and no neurosensory deficits." Dr. Huffman opined that plaintiff could lift up to fifty pounds, sit for seven hours a day, stand for seven hours a day, and walk for seven hours a day.

With respect to plaintiff's alleged mental limitations, state agency psychological consultants found she had "a mood disorder incident to her overall condition." The ALJ found this impairment produced a moderate limitation in her concentration, persistence or pace and included mental limitations in plaintiff's RFC. The ALJ also took note that plaintiff reported a wide range of activities of daily living, including cooking, cleaning, doing laundry, and shopping. Plaintiff has pointed to no specific evidence in the record to contract these findings. The court will defer to the credibility finding by the ALJ, who had

an opportunity to evaluate the demeanor and consistency of the plaintiff's testimony. *Siterlet v. Secr. of Health & Human Servs.,* 823 F.2d 918, 920 (6th Cir. 1987).

Plaintiff next argues that the ALJ failed to account for limitations related to her migraine headaches when determining her RFC. The ALJ acknowledged plaintiff had a history of migraines dating back to 2007. He noted that plaintiff complained of migraine headaches to her neurologist Dr. Gibson in July 2007, with continued complaints in March and June 2008. In November 2009, plaintiff reported no headaches since a chiropractic adjustment. She later described headaches which she described as constant in May 2010, May 2011, and April 2012. The ALJ noted that she reported no improvement in her headaches in July 2013 and July 2014. The ALJ explained that he assigned little weight to Dr. Gibson's statement that plaintiff could not work a forty-hour workweek due to headaches because the statement was not supported by the medical evidence and was inconsistent with other evidence of record. Dr. Gibson checked a box on a form indicating that plaintiff could not sustain any type of job for a normal workweek consisting of eight hours a day, forty hours a week. However, Dr. Gibson provided no objective medical support for his conclusory opinion. Because he failed to identify objective medical findings to support his opinion regarding plaintiff's impairments, the ALJ did not err in discounting his opinion. *See Price v. Comm'r of Soc. Sec.*, 342 Fed. Appx 172, 176 (6th Cir. 2009).

The ALJ gave greater weight to the opinion of the consultative examiner Dr. Huffman. The ALJ explained that Dr. Huffman's neurological examination was normal and plaintiff demonstrated no neurosensory deficits. Dr. Huffman's opinion was

4

corroborated by the opinions of the state agency medical consultants who reviewed the medical records. The medical consultants agreed with Dr. Huffman's assessment that plaintiff was capable of medium exertional level work with some restrictions.

After a careful review of the record and the parties' pleadings, the court is in complete agreement with the magistrate judge's recommendation that plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that the plaintiff's motion for summary judgment [R. 14] is **DENIED**; the Commissioner's motion for summary judgment [R. 17] is **GRANTED**; the Commissioner's decision in this case denying plaintiff's application for benefits under the Social Security Act is **AFFIRMED**; and this case is **DISMISSED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**